SDB
Paper No. 22

FOR PUBLICATION IN FULL

U. S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

———

Trademark Trial and Appeal Board

———

In re De Luxe, N.V. assignee of
Balmain International B.V.

———

Serial No. 73/697,638

———

William F. Eberle of Brumbaugh, Graves, Donohue & Raymond for
applicant.

John C. Tingley, Trademark Examining Attorney, Law Office 6
(Myra Kurzbard, Law Office 6)

———

Before Rooney, Simms and Hohein, Members.

Opinion by Simms, Member:

De Luxe, N.V., a corporation of Netherlands Antilles,
assignee of Balmain International B.V., a corporation of the
Netherlands, has appealed from the final refusal of the Trademark
Examining Attorney to register the mark IVOIRE DE BALMAIN and
design for "perfume, cologne and eau de toilet, essential oils and
soaps containing perfume for beauty purposes, cosmetics, namely
fragrance facial make-up, facial powders, colored lipsticks, eye
shadows and rouge and perfumed hair care products."[1]  The
Examining Attorney has refused registration on the ground that
applicant is not the owner of the mark within the meaning of

———

[1] Application Serial No. 73/697,638, filed November 25, 1987,
based upon Benelux application Serial No. 698,091, filed May 25,
1987.

Section 1 of the Act, 15 USC 1051, because applicant is an entity which now does not own the Benelux registration. Applicant has appealed.

Briefly, the procedural history of this case may summarized as follows: On November 25, 1987, Balmain International B.V. ("Balmain"), filed this application. The Examining Attorney initially refused registration under Section 2(d) of the Act, 15 USC 1052(d), on the basis of a number of registrations. In response, Balmain indicated that some of the cited registrations, held by Balmain Parfums Inc., were being assigned to De Luxe N.V. and that Balmain International B.V. and De Luxe N.V. are related companies. Applicant submitted a copy of a declaration of the managing director of De Luxe attesting to the ownership of these U. S. registrations. The Examining Attorney then suspended action on this application pending receipt of a certified copy of applicant's home registration but continued to refuse registration under Section 2(d) of the Act. After applicant submitted a copy of the home country registration, the Examining Attorney issued a final refusal under Section 2(d) of the Act on the basis of two of the earlier-cited registrations.

Applicant responded that the present application has been assigned to De Luxe, the owner of the cited registrations. A copy of the assignment of this application from Balmain to De Luxe was submitted. The Examining Attorney then required applicant to furnish evidence that the Benelux registration, on which this application was based, is currently being held by De Luxe. Applicant argued, however, that there is no requirement of common

2

ownership of the underlying foreign registration and the instant application because there was common ownership when the claim of priority was made. The Examining Attorney withdrew the refusal under Section 2(d) but continued to require evidence that the Benelux registration is now in the name of De Luxe, the current owner of this U.S. application. The Examining Attorney eventually issued the refusal which is now on appeal.

It is applicant's contention that the Section 44(c) requirements for registration have been met because the original applicant (Balmain International B.V.) submitted the certified copy of the Benelux registration held by the then applicant. According to the applicant, once that event occurs, the applicant can freely assign the U. S. application and trademark rights without assigning the home registration.

> If, as the Examiner contends, under the above quoted language from Section 44(c) "applicant" means the applicant at the time the U. S. registration is to issue, then an assignee would need a registration from its "country of origin" in order to obtain a U. S. registration. Thus, under the Examiner's interpretation, a U. S. application could only issue to an assignee who had also received an assignment of the applicant's foreign rights and who also resided in (a) the same country as the original applicant, or (b) another foreign country in which the original applicant also owned a registration.

> Second, the requirement made herein simply encourages a foreign applicant to delay either the assignment or the recordal of the assignment of a United States trademark until after the U. S. registration issues. Once the registration issues, there is clearly no restriction on an assignment of U. S.

3

> rights without foreign rights. With
> such an obvious loophole, the Examiner's
> requirement would have no practical
> effect, other than to penalize Applicant
> for having recorded its assignment in a
> timely fashion.
> (Brief, 4)

While applicant is correct that a U. S. registration issued under the provisions of Section 44 is independent of the home country registration, the issue before us is whether a foreign applicant must be the owner of its home country registration, on which its U. S. application is based, at the time the U. S. application is approved for publication. When Balmain originally sought registration, a right of priority under Section 44(d) of the Act was claimed based upon its ownership of a Benelux application to register this mark. On the date Balmain submitted a certified copy of the home country registration, it is true that the U. S. application was in Balmain's name. However, this application was then assigned to De Luxe. While applicant argues that it owns the mark in this country and that the Section 44(c) requirements have been met by its predecessor (Balmain), we hold that registration must be refused where the applicant seeking registration in this country is not also the current holder of the foreign registration on which the U. S. application is based.

In In re Fisons Limited, 197 USPQ 888 (TTAB 1978), the Board was presented with a similar issue, although it arose in the context of an assignment of the home country registration to a different entity rather than the assignment of the U. S. application. At 891-92, the Board stated:

> The precise issue is whether a
> foreign applicant which filed an

4

application pursuant to Section 44(d) of the Trademark Act may thereafter secure registration of the mark in the United States without having used the mark in commerce with or within the United States when the foreign application was assigned to a different party and issued to registration in that different party's name. Stated somewhat differently, when a foreign applicant seeks registration of a mark in this country under Section 44(c) and (e) of the Trademark Act, does the applicant have to be the proprietor of the registration of the mark in the country of origin? As long ago as 1959, the Board, in a decision by the then Assistant Commissioner for Trademarks, answered this question affirmatively. See: In re Attorney General of the United States, assignee of J. A. Henckels Zwillingswerk Aktiengesellschaft [123 USPQ 46 (TTAB 1959), recon. den., 123 USPQ 328 (TTAB 1959)]. The answer has not changed in the last eighteen years ... The vital point here is that nothing in Section 44(d) relieves the applicant of the requirement of proving its ownership of the mark arising from applicant's use thereof. Furthermore, the fact that a foreign applicant complies with all of the requirements of Section 44(d) does not mean that the application will, without more, issue to registration.

The Board went on to explain that, under Section 44, a foreign applicant is permitted to prove registration of the mark in its country of origin as an alternative basis of registration. The Board then held that an applicant whose country of origin is foreign to the United States must prove that its mark is registered in its country of origin [Section 44(e)] and that it is the owner of the registration in that country of origin

[Section 44(c)], provided that applicant does not allege use in commerce. The Board observed, at 893:

> We also note that Section 44(f) of the Act makes a registration obtained pursuant to Section 44 independent of the registration in the country of origin--but does not make a pending United States application independent--insofar as concerns [sic] the duration, validity or transfer of the registration in the United States. Thus, a pending United States application is inseparably tied to the registration in the country of origin of the applicant until the certificate of registration is issued by the Patent and Trademark Office.

See also Nestlé Company, Inc. v. Grenadier Chocolate Company, Ltd., 212 USPQ 214, 216 (TTAB 1981) ("[A]n application based exclusively upon the provisions of Section 44 is valid only when it is in the name of and is being prosecuted by a foreigner described in Section 44(b).")

For the foregoing reasons, the refusal of registration is affirmed.

L. E. Rooney

R. L. Simms

G. D. Hohein
Members, Trademark
Trial and Appeal Board

Issued: SEP 18 1991

Released for Publication: 28 MAY 1992

6